UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DAVID FLORES,

      Plaintiff,

  -against-

THE CITY OF NEW YORK, et al.,

      Defendants.
-----------------------------------------------------------------X

ORDER
10-CV-5276 (JFB)(AKT)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   OCT 02 2013   ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

  On November 16, 2010, plaintiff filed the instant action. On November 19, 2010, based upon the Court's review of the complaint, the Court ordered plaintiff's counsel to submit a letter to the Court by November 24, 2010 indicating whether there is any basis for the case to be in Central Islip. Plaintiff's counsel did not respond to that Order. By Order dated April 8, 2011, the Court ordered plaintiff's counsel to submit a letter to the Court by April 15, 2011 regarding the status of the case, including a response to the Court's Order issued on November 19, 2010. By Order dated May 6, 2011, the Court directed plaintiff to respond in writing within 10 days as to why the action should not be dismissed for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and for failure to serve, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. The Court warned plaintiff that a failure to respond would result in dismissal of the complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. As a result of plaintiff's failure to respond to the May 6, 2011 Order, the Court dismissed plaintiff's complaint without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and under Rule 4(m) for failure to serve by Order dated August 22, 2011. Thus, as a result of the August 22, 2011 Order, the instant action was closed.

  By letter dated August 27, 2013, plaintiff requests that this Court reopen his case. Plaintiff claims that his action was abandoned by his counsel at the time, and requests that the Court allow him

to re-file his claims.[1]

IT IS HEREBY ORDERED that plaintiff's case, assigned docket number 10-CV-5276, will remain closed. However, plaintiff may re-file his complaint under a new docket number, if he wishes, for the Court's review.

SO ORDERED.

s/ Joseph F. Bianco

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:       October 2, 2013
               Central Islip, NY

---

[1] To the extent plaintiff's letter is seeking relief from the Court's August 22, 2011 Order under Rule 60(b) of the Federal Rules of Civil Procedure, that request is denied. Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to relieve a party from an order in the event of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary circumstances. Fed. R. Civ. P. 60(b); *House v. Sec'y of Health and Human Servs.*, 688 F.2d 7, 9 (2d Cir. 1982). The Second Circuit has instructed that Rule 60(b) is "extraordinary judicial relief" and may be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *accord United States v. Bank of N.Y.*, 14 F.3d 756, 759 (2d Cir. 1994). Here, plaintiff has failed to meet the stringent Rule 60 standard. Although plaintiff expresses a desire to proceed with his case, he declines to provide a compelling reason for his failure to (1) prosecute the case back in 2011; (2) respond to the Court's May 6, 2011 Order, which made clear that a failure to respond would result in dismissal of the case; and (3) contact the Court about his action until over two years after the case was closed. However, because the complaint was dismissed without prejudice, plaintiff may attempt to commence a new action based on the underlying allegations contained within that complaint.